**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| *v.* | : | |
| | : | **Crim. No. 21-MJ-00145(ZMF)** |
| **MATTHEW RYAN MILLER,** | : | |
| | : | |
| *Defendant.* | : | |

**DEFENDANT'S MOTION FOR MODIFICATION**
**OF PRETRIAL DETENTION ORDER AND**
**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Matthew Ryan Miller ("Miller"), by and though undersigned counsel, hereby moves this Honorable Court, pursuant to the Federal Rules of Criminal Procedure and 18 U.S.C. § 3145(b), to vacate the pretrial detention order issued on January 25, 2021, by Magistrate Judge Zia M. Faruqui and to release Mr. Miller under the supervision of the Pretrial Services Agency.  As grounds for this motion Mr. Miller states as follows:

**BACKGROUND**

Matthew Ryan Miller is twenty-two years old and has no criminal record.  Mr. Miller has lived in the same home in Howard County, Maryland with his mother for the past 19 years.  While living with his mother, he assists in caring for his elderly grandmother and contributes financially for household expenses.  Mr. Miller graduated from Glenelg High School and completed 2 years of study at Howard Country Community College.  He worked for two years at Glenelg Construction before being let go due to his conduct at issue here.  He immediately sought other employment and has been offered a position in sales with a financial advisory company.  That offer is still outstanding.

On January 6, 2021, Mr. Miller attended a rally in Washington, DC where many speakers, including the then-President of the United States, Donald J. Trump, exhorted attendees to march to the Capitol to protest the certification of the vote count of the Electoral College for the 2020 Presidential Election.  Mr. Miller marched to the Capitol to exercise his First Amendment right and protest.  He did not have any intention to disrupt the Congressional proceedings nor to cause any damage to the Capitol grounds or building.

Once at the Capitol, Mr. Miller found himself surrounded by hundreds, if not thousands, of other protesters who eventually began to try to force entry into the Capital building.  The government alleges that Mr. Miller entered and remained upon restricted grounds and that he discharged a fire extinguisher "upon the steps leading to an entrance of the U.S. Capitol building."  *See* Statement of Facts at 2.  There is no allegation that Mr. Miller entered the Capitol building or otherwise injured or assaulted anyone.[1]

## **ARGUMENT**

It is a well-established principle that, "'[i]n our society, liberty is the norm and detention prior to trial or without trial is the carefully limited exception.'" *See United States v. Simpkins*, Magistrate Case No. 19-00295 (GMH/RMM), 2019 WL 6525787, at * 1 (D.D.C. Dec. 3, 2019) (Meriweather, J.) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). The "Bail Reform Act of 1984, 18 U.S.C. § 3141*, et seq.*, sets forth the circumstances that trigger that exception." *Id.*  "Specifically, provisions of the Bail Reform Act authorize a judicial officer to

---

[1] Compare this case with *United States v. Riley Williams*, 21-MJ-0099 (RMM), where Magistrate Faruqui continued Williams on release to third-party custody.  In that case, Williams is alleged to have entered the Capitol building and stolen an electronic device from the office of House Speaker Nancy Pelosi with the intention of selling to Russian intelligence services.  She is also alleged to have directed the movement of other protestors once inside the Capitol and to have fled once she was identified as having participated in the protests.  *See* Exh. 1.  Williams is charged with the same offenses as Mr. Miller.

order the detention of a defendant before trial if the judicial officer determines after a hearing

that 'no condition or combination of conditions will reasonably assure the appearance of the

person as required and the safety of any other person and the community.'" *Id.* (quoting 18

U.S.C. § 3142(e)).

Courts have held that "[a] finding that a defendant poses a danger to the

community, or that there is a serious risk the defendant will flee, provides an adequate basis to

order pretrial detention." *See id.* (citing *Salerno*, 481 U.S. at 755; *United States v. Lee*, 195 F.

Supp. 3d 120, 124 (D.D.C. 2016); *United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996)).

Detention decisions based upon "'the defendant's dangerousness to the community must be

supported by 'clear and convincing evidence,'" and detention decisions based upon "a finding

that no set of conditions will reasonably assure the defendant's appearance in court" must be

supported by a preponderance of the evidence. *See id.* (citing 18 U.S.C. § 3142(f); *United States

v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C.

Cir. 1987); *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v.

Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005)).

This Court has employed the following framework in rendering detention

decisions under the Bail Reform Act:

> The Bail Reform Act directs judges to consider four factors in determining
> whether any conditions of release will reasonably assure a defendant's future
> presence in court or assure the safety of any other person and the community: (1)
> the nature and circumstances of the offense charged; (2) the weight of the
> evidence against the defendant; (3) the defendant's history and characteristics;
> and (4) the nature and seriousness of the danger to any person or to the
> community posed by the defendant's release.

*See id.* (citing 18 U.S.C. § 3142(g); *Xulam*, 84 F.3d at 442).

An analysis of the factors set forth in 18 U.S.C. § 3142(g) weighs heavily in favor of Mr. Miller's pretrial release, with certain conditions as set forth below.

### Nature and Circumstances of the Charged Offense

The government has charged Mr. Miller via a Criminal Complaint with Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); Knowingly Engaged in Disorderly or Disruptive Conduct in any Restricted Building or Grounds, with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A); Injuring Erection or Architectural Feature in the Capitol Grounds, in violation of 40 U.S.C. § 5104(d); and Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 18 U.S.C. §§ 5104(e)(2)(D), and (e)(2)(F).  In effect, he has been charged with offenses against property – the United States Capitol and its grounds.  Mr. Miller concedes he was on the Capitol grounds to protest along with thousands of other protesters and was merely following the directions of then-President Trump, the country's chief law enforcement officer, and other speakers.  Considering the size of the crowd present, he had no knowledge that the Capital grounds were restricted or that he was not otherwise allowed to be there.  Besides the allegation that he discharged a fire extinguisher, there is no evidence that he entered the Capitol or engaged in any acts of violence. This factor weighs in favor of release.

### Weight of the Evidence

The evidence in this case consists of various photographs appearing to capture Mr. Miller on the grounds of the Capitol on January 6.  Considering that the charges stem from

allegations that he entered and remained on the Capitol grounds and not the Capitol itself and that he is charged with offenses against property, this factor would appear to favor release.

### Mr. Miller's History and Characteristics

As noted previously, Mr. Miller has no criminal record and nothing in his background suggests that he has a criminal propensity.  He has lived with his mother his entire life, completed high school and two years of college and was gainfully employed until the incident of January 6.  Even then, he immediately sought other employment.  His conduct that gave rise to the charges in this case are an extreme aberration and began innocently enough when he sought out to protest the results of the 2020 Presidential election.  He did not set out to disrupt or otherwise interfere with Congress.  He concedes that he participated in the protest at the Capitol but left as soon as he saw that other protesters were engaging in violent and dangerous behavior and were seeking to enter the Capitol itself.

Mr. Miller has extensive ties to the community in Howard County, Maryland, which is less than 45 miles from this Courthouse.  Due to those ties and his background, there is no indication that he would be a risk of flight or otherwise not comply with any order from this Court.  This factor weighs in favor or release.

### Danger to the Community

The alleged conduct is an aberration for Mr. Miller.  On January 6, 2021, he set out to exercise his First Amendment right to protest and when he reached the Capitol grounds things got out of hand.  There were people with bullhorns rallying the protesters.  In a momentary lapse in judgment, a young and impressionable Mr. Miller got caught up in the

moment and acted against his better instincts.  Mr. Miller is not a member of any "right-wing fringe group" and has no record of violence or criminality that would indicate that he poses a danger to the community.  He has never been in trouble with the law before and did not realize the dire consequences his actions would have.  He has already lost a job of two years and is incarcerated pending trial.  For a young man like Mr. Miller, who is close to his family and friends, these circumstances have already taught him a very hard lesson.  This factor weighs in favor of release.

## PROPOSED CONDITIONS OF RELEASE

The Pretrial Services Agency recommended that Mr. Miller:

a)   be placed on general supervision;
b)   report to Pretrial weekly by telephone;
c)   verify his address;
d)   not apply for or possess a passport;
e)   notify Pretrial of any travel within the continental United States and seek Court approval to travel;
f)   stay out of Washington, DC except for Court, meetings with counsel or Pretrial visits;
g)   report to Pretrial any contact with law enforcement;
h)   not possess firearms.

Mr. Miller respectfully submits that these conditions will satisfy the goals of the Bail Reform Act.

**WHEREFORE** for the foregoing reasons and any others that may appear to the Court, Mr. Miller respectfully requests that he be released pending trial in this matter subject to the conditions set forth above.

**Dated**: Washington, DC
      January 27, 2021                **BALAREZO LAW**

                               /s/
By:   _____
      A. Eduardo Balarezo, Esq.
      D.C. Bar # 462659
      400 Seventh Street, NW
      Suite 306
      Washington, DC  20004
      Tel. 202-639-0999
      Fax. 202-639-0899

      *Counsel for Defendant Matthew Miller*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of January 2021, I caused a true and correct copy of the foregoing Defendant's Motion for Modification of Pre-Trial Detention Order and Memorandum of Points and Authorities in Support Thereof to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/

_____
A. Eduardo Balarezo