UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-cr-75 (RDM) |
| | : |
| MATTHEW RYAN MILLER, | : |
| | : |
| Defendant. | : |

**UNITED STATES' OPPOSITION TO DEFENANT'S AMENDED MOTION FOR MODIFICATION OF PRETRIAL DETENTION ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Matthew Ryan Miller's (hereinafter the "defendant"), Amended Motion for Modification of Pretrial Detention Order (ECF No. 12). The United States requests that the following points and authorities, as well as any other facts, arguments and authorities presented at a hearing on the motion, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural Posture

On January 25, 2021, the defendant was arrested in Maryland on an arrest warrant issued from the United States District Court for the District of Columbia by Magistrate Judge Zia M. Faruqui in connection with a Criminal Complaint charging the defendant with Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); Knowingly Engaged in Disorderly or Disruptive Conduct in any Restricted Building or Grounds, with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A); Injuring Erection or Architectural Feature in

1

the Capitol Grounds, in violation of 40 U.S.C. 5104(d); and Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 18 U.S.C. §§ 5104(e)(2)(D), and (e)(2)(F).

On January 25, 2021, the defendant was arraigned on the Complaint and the parties proceeded to a detention hearing. Following arguments of counsel and the defendant, Magistrate Judge Zia M. Faruqui held the defendant without bond pursuant to 18 U.S.C. § 3142(f)(1). Judge Faruqui detailed his findings in an Order of Detention Pending Trial (ECF No. 9). On or about January 27, 2021, the defendant filed a Motion for Bond Review (ECF No. 8).

On or about February 3, 2021, the grand jury returned an indictment, charging the defendant with nine Counts: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2), (2); Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b); Entering and Remaining in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence in a Capitol Building or Grounds, with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A); Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); Act of Physical Violence in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F); and Stepping, Climbing, Removing, or Injuring Property on the Capitol Grounds, in violation of 40 U.S.C. § 5104(d).

On February 7, 2021, the defendant filed the instant Amended Motion for Bond Review (ECF No. 12).

## II. Legal Authority and Argument

To begin with, the arguments the defendant raises in his amended motion were largely raised and considered by Judge Faruqui at the initial detention hearing. The defendant himself was provided an opportunity to talk directly with the Court and raised the arguments regarding his history and circumstances, including the loss of his job, studying for a new job, caring for a family member, lack of criminal history, as well as his connections to Maryland, that the defense now raises. The Court took all of these circumstances into consideration at the initial detention hearing and determined that the defendant should remain held without bond pending trial.

As the Court is aware, there are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). After a review and understanding of the facts and circumstances in this case, Judge Faruqui concluded that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1). The defendant's arguments should not change the Court's analysis, particularly where the defendant has since been indicted on additional counts, including assault on a law enforcement officer, civil disorder, and obstruction of an official proceeding. The government hereby incorporates the facts and arguments contained in the government's memorandum in support of pre-trial detention, ECF No. 13, rather than repeating same here.

### A. Nature and Circumstances of the Offenses Charged

In the January 29, 2021 Order of Detention Pending Trial, Judge Faruqui correctly concluded that this factor weighs in favor of detention. The Court considered the defendant's

"behavior an extremely serious offense due to the fact that the intent of the intrusion was to violently stop the lawful progression of our democracy and hinder the process by which the nation's presidential election results are finalized" (ECF No. 9 at 3).

The defendant argues that the Court "mistakenly asserts that the defendant entered the Capitol building" and that "there is no evidence of what [the defendant's] intent was in protesting" (ECF No. 12 at 4-5). The government does not allege at this time and the defendant is not charged with being inside of the Capitol Building. In fact, at the initial detention hearing, counsel requested that the Court specifically clarify there was no evidence presented that the defendant was located inside of the building, and Judge Faruqui did so.

In addition, the defense is asking the Court to completely ignore all of the surrounding circumstances that assist in determining what the defendant's intent is. The defendant also appears to equate the Court's reference to "intrusion" with being inside of the building, though the government submits that the "intrusion" includes the intrusion onto U.S. Capitol grounds. As the government noted in its original submission, there were temporary and permanent barricades that were in place around the exterior of the U.S. Capitol building, and where U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside. Moreover, it is clear that the defendant was not "protesting" at the time he was captured deploying a fire extinguisher at a tunnel full of law enforcement attempting to protect the U.S. Capitol building, as this Court can see from the below Getty image. Thus, the defendant has not provided a basis to overturn Judge Faruqui's determination that this factor weighs in favor of detention.



B. **Weight of the Evidence against the Defendant**

At the detention hearing, Judge Faruqui found that this factor also weighs in favor of detention. The Court noted that the evidence is "strong[,]" which includes screen shot captures of the defendant's distinct clothing from his social media that matches the distinct clothing in several other photos that capture the defendant deploying a fire extinguisher and utilizing temporary barriers to scale the walls of the Capitol building (ECF No. 9 at 3).

The defense argues that the evidence consists of photos that capture him on Capitol grounds, not in the building, and that he is charged mostly with property offenses so this factor favors release (ECF No. 12 at 5). However, the defendant is also charged with serious, non-property offenses, which include interfering with law enforcement while they are engaged in the lawful performance of their duties during a civil disorder; assaulting, resisting, or interfering with a law enforcement officer; as well as obstruction of an official proceeding. In addition, the mask

that the defendant is wearing in a photograph that was posted to the defendant's Instagram account was recovered from his residence at the time of his arrest. Law enforcement also recovered the Maryland State/Gadsden flag that the defendant is captured wearing in a number of photographs taken on January 6, 2021.

Moreover, the government's evidence is not limited to what was presented at the detention hearing and the investigation is ongoing. Multiple U.S. Capitol Police ("USCP") officers confirm they were stationed in the tunnel on the west side of the Capitol building – where the defendant is captured deploying the fire extinguisher – along with members of the Metropolitan Police Department ("MPD") who were called upon to assist the USCP in protecting the Capitol. In addition, there is also USCP surveillance video and MPD body-worn camera footage that captured the events at the tunnel. During this time, the USCP officers describe being assaulted with a variety of objects by multiple rioters, including various forms of OC and pepper spray. In addition, multiple officers describe being sprayed with a white "smoke," "fog," or "cloud." A screenshot of one MPD officer's BWC is included below.



Therefore, this factor heavily remains in favor of detention.

### C. The Defendant's History and Characteristics

Judge Faruqui determined that this factor weighs in favor of release. The Court noted that the defendant has no significant criminal history and that the defendant was gainfully employed prior to the events that took place at the Capitol on January 6, 2021 (ECF No. 9 at 4). Even though it was not specifically written down in the Court's Order of Detention, the defendant was given an opportunity to talk directly with the Court, after consultation with counsel, and described the availability for a new job, the course he was taking in order to obtain the correct credentials for the job, caring for his grandmother, and his connections to Maryland – the same arguments the defense raises in its amended motion (ECF No. 12 at 6). The defendant concedes he was on Capitol grounds "but left soon after he saw that other protestors were engaging in violent and dangerous behavior" (Id.). It is concerning to the government that the defendant does not appear to understand the gravity of his actions or even consider that his conduct by deploying a fire extinguisher at law enforcement officers was violent or dangerous. Thus, there is nothing additional that would cause this factor to substantially outweigh all of the other factors, which the government submits remain in favor of detention.

### D. Danger to the Community

The Court also determined that the fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. Judge Faruqui found that the "deployment of a fire extinguisher, and its associated chemicals in the direction of law enforcement" is "troubling and extremely dangerous" (ECF No. 9 at 4). The defense argues that the Court made "another broad leap" regarding the defendant's beliefs and motivations about the current government. The defendant states that he was there to "protest" and "things got out of hand." The defendant voluntarily participated in the behavior that "got out of

hand." Moreover, the purpose of the "protest" on January 6, 2021 was to challenge the 2020 Presidential election results. It is hardly a leap and at the very least, a reasonable inference, that the defendant, while actively participating in the riots, has illegitimate beliefs about the current government. While the defendant asserts that he is not a member of a right-wing fringe group, the government notes that his Facebook profile photograph identifies him as a member of the "Patriotic American Cowboys." In addition, during the riots on January 6, 2021, the defendant donned a Gadsden Flag that was recovered from his home. Thus, the government submits that Judge Faruqui did not make a "broad leap" and correctly determined that the defendant's actions on January 6, 2021 in conjunction with his beliefs, adequately show his dangerousness to the community and potential threat to the orderly function of government.

### III. Conclusion

The government respectfully requests that the Court deny the defendant's Amended Motion for Modification of Pretrial Detention Order (ECF No. 12).

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
New York Bar No. 4444188

By:   /s/ *Kaitlin A. Vaillancourt*
Kaitlin A. Vaillancourt
D.C. Bar No. 1027737
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office for D.C.
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Kaitlin.Vaillancourt@usdoj.gov
Telephone: (202) 252-2421

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon counsel of record, this 11th day of February, 2021.

/s/  
Kaitlin A. Vaillancourt  
Assistant United States Attorney
