UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-cr-75 (RDM) |
| | : |
| MATTHEW RYAN MILLER, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, opposes Defendant Miller's Motion to Modify Release Conditions, and respectfully urges the Court to deny the motion. Defendant Miller no longer wishes to submit to a curfew and electronic monitoring as part of his High Intensity Supervision Program. These conditions are the least restrictive conditions required to reasonably assure Defendant Miller's appearance at court proceedings and the safety of others and the community. Therefore, Defendant Miller's motion should be denied.

**I.     Background**

The gravity of what occurred at the U.S. Capitol on January 6, 2021, cannot be overstated. *United States v. Sabol*, No. 21-cr-35-EGS (D.D.C. April 14, 2021), Memorandum Opinion at 27, citing *United States v. Munchel*, No. 21-3010, 2021 WL 1149196 at 4 (D.C. Cir. March 26, 2021). "This was a singular and chilling event in U.S. history, raising legitimate concern about the security—not only of the Capitol building—but of our democracy itself." *Id.*, citing *United States v. Cua*, No. 21-107 (RDM), 2021 WL 918255, at 3 (D.D.C. Mar. 10, 2021).

On January 6, 2021, Defendant Miller traveled from his home in Cooksville, Maryland to Washington, D.C.[1]  For his alleged conduct on the Lower West Terrace,[2] Defendant Miller is before the Court charged in a criminal indictment with several offenses, including:  Civil Disorder, in violation of Title 18, United States Code, § 231(a)(3); Obstruction of an Official Proceeding, in violation of Title 18, United States Code §§ 1512(c)(2), 2;  Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of Title 18, United States Code, § 111(a)(1) and (b); Entering and Remaining in a Restricted Building with a Deadly or Dangerous Weapon, in violation of Title 18, United States Code, § 1752(a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct in a Restricted Building with a Deadly or Dangerous Weapon, in violation of Title 18, United States Code, § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of Title 18, United States Code, § 1752(a)(4) and (b)(1)(A); Disorderly Conduct in a Capitol Building, in violation of Title 40, United States Code, § 5104(e)(2)(D); Act of Physical Violence in the Capitol Grounds or Buildings, in violation of Title 40, United States Code, §

---

1 Approximately 35 miles.
2 One of the most violent confrontations on January 6, 2021 occurred near an entrance to the U.S. Capitol in the area known as the Lower West Terrace.  On January 6, 2021, the construction of the inaugural stage converted the stairway into a 10-foot-wide, slightly sloped, tunnel that was approximately 15 feet long.  On January 6, 2021, when rioters arrived at the doors of this tunnel, members of the U.S. Capitol Police and the District of Columbia Metropolitan Police Department, were arrayed inside the doorway and guarding the entrance.  At approximately 2:42 p.m., rioters broke the windows to the first set of doors, and the law enforcement officers reacted immediately by spraying Oleoresin Capsicum ("OC") spray at the rioters.  The mob continued to grow, and the rioters pushed their way into the second set of doors, physically engaging law enforcement with batons, poles, chemical spray, bottles and other items.  Officers created a line in the doorway to block the rioters and physically engaged them with batons and OC spray.  The violence and physical battle for control over the Lower West Terrace entrance in the tunnel and doorway area continued for over two hours, during which time rioters repeatedly assaulted, threatened, pushed, and beat law enforcement officers, involving intense hand-to-hand combat. Several officers sustained injuries during this prolonged struggle.  During this battle, the vastly outnumbered officers were assaulted with all manner of objects and weapons, receiving blow after blow from rioters taking turns assaulting them, all in a concerted effort to breach the doorway to the basement area of the U.S. Capitol, disrupt the certification, and overturn the election results by force.

5104(e)(2)(F); and Stepping, Climbing, Removing, or Injuring Property on the Capitol Grounds, in violation of Title 40, United States Code, § 5104(d) (ECF Nos. 10 and 47).

Upon his arrest on January 25, 2021, Defendant Miller was detained, and the basis for that detention was set forth in an order by Magistrate Judge Zia Faruqui (ECF 9 at 3-4). Shortly thereafter, Defendant Miller moved for release. Based on Defendant Miller's serious and felonious criminal conduct on January 6, 2021 and the weight of the evidence against him, the government opposed Defendant Miller's release (ECF Nos. 13, 14, and 15). On February 19, 2021, the Court released Defendant Miller (ECF No. 22). Defendant Miller's release included orders to stay out of the District of Columbia, except for Court or Pretrial Services business or to meet with his attorney; live with his mother in Maryland; abide by a nighty curfew of 9 p.m. to 6 a.m.; and submit to electronic monitoring. Thus far, those conditions have worked, as Defendant Miller has not incurred any violations while on pretrial release.

Defendant Miller now moves this Court to eliminate curfew and electronic monitoring conditions (ECF No. 54). The predominant fact the Defendant Miller cites in his favor for this modification is that the pretrial officer has reported that Defendant Miller has remained compliant with these conditions since his release from custody.[3]

**II.    Law**

The Court is permitted to amend the order setting a defendant's conditions of release to impose additional or different conditions, but the Court must ensure that the conditions imposed are the least restrictive conditions that will reasonably assure his appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(c)(1)(B), (c)(3).

---

3 The pretrial officer could not be reached for input on Defendant Miller's motion.

3

Compliance - even model compliance - with the Court's requirements is not enough to warrant adjustment of a defendant's pretrial release conditions.  *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018).

**III.   Argument**

The government opposes any modification to Defendant Miller's release conditions. The current conditions allow Defendant Miller to work, care for himself, and assist his family. Defendant Miller argues that his compliance with the terms of his release indicate that he should no longer need to submit to those conditions.   However, compliance is expected; compliance should not be the reason conditions are no longer necessary.

There are multiple open-source videos,[4] body worn cameras, and U.S. Capitol cameras depicting Defendant Miller's crimes on January 6, 2021.  As set forth in the government's three February 2021 opposition briefs (incorporated by reference) to Defendant Miller's release from custody, on January 6, 2021, Miller's criminal conduct included using a metal barrier as a ladder to scale a wall of the U.S. Capitol; encouraging others to join in the push against law enforcement officers, while beckoning them to come closer to the Lower West Terrace tunnel; and assaulting officers by spraying the contents of a fire extinguisher on them (ECF No. 13 at 4, 6, 8-10 and ECF No. 14 at 4-8).   As previously mentioned, these charges stem from an unprecedented attack on the United States Capitol Building and two of these charges are felonies carrying statutory penalties of up to twenty years of incarceration.

Since the time of Defendant Miller's release, an open-source video has surfaced showing Defendant Miller on the grounds of the U.S. Capitol (likely before he climbed up onto the

---

4  Some of these videos can be viewed at https://youtu.be/oyVoqMsC0AM and https://youtu.be/oyVoqMsC0AM.

inaugural stage) throwing an unidentifiable object in the direction of law enforcement while draped in a Confederate flag.



Defendant Miller is seen using a barrier as a ladder to scale the U.S. Capitol while draped in the Gadsden Flag, which was later recovered from his home.



In another video, filmed from the vicinity of the inaugural stage, the crowd appears to be chanting "Heave! Ho!" as it rocks back and forth in the direction of the Lower West Terrance tunnel entrance; Defendant Miller is facing away from the tunnel, waiving his hand, and multiple times appears to say, "come on;" and Defendant Miller is observed multiple times putting up his fingers and yelling at the same time what appears to be, "one, two, three, push!" In that same

5

video, Defendant Miller throws a few unidentifiable objects towards the defensive line of law enforcement officers attempting to secure the Lower West Terrace tunnel entrance to the U.S. Capitol.





Instead of being dissuaded from what he saw, Defendant Miller continued to move closer to the Lower West Terrace tunnel as the afternoon wore on. His most egregious behavior occurred when he used a fire extinguisher to spray directly into the mouth of the Lower West

Terrace tunnel at the law enforcement officers there.[5]  Assaulting law enforcement officers and participating in a riot challenging our very democracy is inherently dangerous.



Finally, since the time of Defendant Miller's release from custody, a review of his cell phone and open sources shows what appears a be an affiliation with the Proud Boys;[6] specifically, photos show Defendant Miller attending at least one Proud Boys rally in

---

[5] That same fire extinguisher is picked up seconds later by Defendant Robert Palmer (21-cr-328), who emptied the contents of the fire extinguisher on the officers and then hurled it at them. For his crimes, Defendant Palmer was sentenced to 63 months incarceration.

[6] Proud Boys is a nationalist organization with multiple U.S. chapters and potential activity in other Western countries. The group describes itself as a "pro-Western fraternal organization for men who refuse to apologize for creating the modern world; aka Western Chauvinists." Proud Boys members routinely attend rallies, protests, and other First Amendment-protected events, where they sometimes engage in violence against individuals whom they perceive as threats to their values. The group has an initiation process for new members, who often wear yellow and black polo shirts or other apparel adorned with the Proud Boys logo to events.

Washington, D.C. in winter 2020 while wearing the group's regalia.[7]   While several members of the Proud Boys have been charged for the crimes they committed on January 6, 2021, the government has no evidence that Defendant Miller acted in conjunction with the Proud Boys that day.

Defendant Miller has traveled from Cooksville, Maryland to Washington, D.C. on at least two occasions (winter 2020 and January 6, 2021).   One condition of release is that Defendant Miller stay away from Washington, D.C.   The continuation of electronic monitoring assures Defendant Miller will not come into the District.   The Court's review and understanding of the facts and circumstances in this case require the Court to conclude that eliminating the curfew condition and electronic monitoring requirement does not assure the safety of the community. *See* 18 U.S.C. § 3142(g).

**IV.     Similarly Situated Defendants**

As an initial matter, the government understands that the U.S. Court of Appeals for the D.C. Circuit has emphasized the individualized nature of each detention decision. *See United States v. Munchel*, 991 F.3d 1273, 1284 (D.C. Cir. 2021); however, the Court may want to consider that many individuals charged with conduct similar or the same as Defendant Miller remain incarcerated or are released with conditions similar to those in the present case. Defendant Nicolas Brockhoff, 21-cr-524, who sprayed law enforcement officers with a fire extinguisher remains in custody.   Defendant Clayton Mullins, 21-cr-35-4, who assaulted a law enforcement officer at the mouth of the Lower West Terrace tunnel, remains committed to home

---

[7] The Proud Boys held rallies in Washington, D.C. on November 14, 2020 and December 12, 2020, both rallies turned violent.   *See* https://www.washingtonpost.com/dc-md-va/2020/11/14/million-maga-march-dc-protests/ and https://www.washingtonpost.com/local/public-safety/trump-rally-violence-proud-boys/2020/12/14/bf2f5826-3e26-11eb-8bc0-ae155bee4aff_story.html

confinement and subject to electronic monitoring.   Defendant Eric Munchel, 21-cr-118, who carried a taser into the U.S. Capitol, but did not assault anyone, after an appeal of his detention order to the D.C. Court of Appeals, was released from detention to home confinement with electronic monitoring.   Defendant Thomas Sibick, 21-cr-291, who impeded law enforcement and took an officer's equipment, is released subject to 24-hour home confinement with electronic monitoring. Defendant Nicolas Languerand, 21-cr-353, has remained incarcerated for throwing a sick, traffic cone, and canister of pepper spray at officers within the Lower West Terrace tunnel. Defendant Jose Padilla, 21-cr-214, remains in custody for acting in conjunction with others to use a large sign to push against law enforcement officers and throwing a flagpole type object at officers within the Lower West Terrace tunnel. Defendant Jeffrey Scott Brown, 21-cr-178, is detained for deploying a pepper spray type irritant at officers in the LWT tunnel at close range.

### V.     Conclusion

Defendant Miller's conditions of pretrial release are effective.   The curfew and electronic monitoring have ensured Defendant Miller's compliance with pretrial release. The government opposes any modification and urges the Court to deny Defendant Miller's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney


By:      /s/
        Jacqueline Schesnol
        Arizona Bar No. 016742
        Capitol Riot Detailee
        Two Renaissance Square
        40 N. Central Ave., Suite 1800
        Phoenix, AZ 85004-4449
        jacqueline.schesnol@usdoj.gov